UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS M. JONES,<br><br>                Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                Respondent. | Case No. C19-641-JLR-MLP<br><br>REPORT AND RECOMMENDATION |

Petitioner Thomas Jones is currently in the custody of the Washington Department of Corrections. He has submitted to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2018 Snohomish County Superior Court judgment. Petitioner identifies only one ground for relief in his petition in which he alleges that his arrest, conviction, and imprisonment are illegal because no bill of indictment was brought against him by the State of Washington as is required by the Fifth Amendment to the United States Constitution. (Dkt. # 6 at 5.) However, Petitioner indicates in his petition that his direct appeal to the state courts is still pending, and that he did not present his federal habeas claim in that appeal. *(Id.* at 2.) He also has not had an opportunity to seek any form of collateral post-conviction relief in the state courts.

REPORT AND RECOMMENDATION
PAGE - 1

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it appears clear from the face of the petition that Petitioner has not properly exhausted his claim for relief in the state courts, his petition is not eligible for federal habeas review. Accordingly, this Court recommends that Petitioner's petition for writ of habeas corpus, and this action, be dismissed without prejudice for failure to exhaust state court remedies.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a

REPORT AND RECOMMENDATION
PAGE - 2

certificate of appealability in this matter. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

DATED this 7th day of May, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3